

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 9, 1951.

Hon. C. E. Belk, Administrator
Texas State Board of Plumbing Examiners
Austin, Texas                Opinion No. V-1150.

                        Re:  Collateral security of
                             bank deposits of State
                             Board of Plumbing Ex-
Dear Sir:                    aminers.

        You have requested an opinion on several
questions pertaining to collateral security for bank
deposits of the State Board of Plumbing Examiners.
The first question is:

        Is the Texas State Board of Plumbing Ex-
aminers required by law to require that deposits of
its funds be secured by collateral pledged by banks
where such funds are deposited?

        Article 2529, V.C.S., requires the State
Treasurer to secure collateral for all state funds
deposited by him in banks which have qualified as
depositories of such funds.  Article 2547, V.C.S.,
requires banks that are depositories of county funds
to either post a bond or pledge collateral security
to secure the deposits of such county.  Article 2560,
V.C.S., is a similar statute with reference to secur-
ing deposits of incorporated cities.  Article 2832,
V.C.S., requires funds of certain independent school
districts to be secured by collateral.  Article 7880-
113, V.C.S., makes provisions for the securing of funds
of water control and improvement districts.

        These statutes are referred to in order to
show that in various instances the Legislature has
specifically required the state agency or political
subdivision involved to secure either an indemnity
bond or the pledging of collateral assets by the de-
pository bank before its funds could be deposited in
such bank.

        Article 6243-101, V.C.S., creates the Texas
State Board of Plumbing Examiners, consisting of six
members appointed by the Governor, provides for the

Hon. C. E. Belk, page 2 (V-1150)

collection of fees by the Board, and makes other general provisions for the enforcement of various plumbing regulations. All expenses of the Board in enforcing such Act are to be paid out of fees collected by the Board, but Section 7 of the Act provides that no fees so collected shall ever be deposited in the General Fund of the State. Nowhere in Article 6243-101, V.C.S., is there any requirement that the Board obtain collateral security for its deposits. In fact, the Legislature contemplated that the Board should never accumulate a large balance of funds, since Section 7 further provides that if the funds remaining in the hands of the Board at the end of each year are in excess of the expenses of the Board, then the Board shall reduce the amount of license fees. In view of this latter provision and the absolute omission of any requirement throughout Article 6243-101, V.C.S., that collateral security be furnished by depositories of the Board's funds, and in view of the several statutes above cited specifically requiring collateral in many instances, we are of the opinion that the Legislature did not intend to require that deposits of the State Board of Plumbing Examiners be secured by collateral.

This brings us to your other questions, which in substance are as follows:

May the State Board of Plumbing Examiners, as a matter of discretion, enter into an agreement with the depository bank, whether it be a state or national bank, for the bank to secure deposits of the Board's funds?

In the first place, the members of the State Board of Plumbing Examiners are public officers of this State and the Board is an agency of this State. Cf. Texas Pharmaceutical Ass'n v. Dooley, 90 S.W.2d 328 (Tex. Civ. App. 1936), in which members of the State Board of Pharmacy were held to be public officers of this State.

In the second place, the moneys collected by the Board are public moneys or funds of the State, even though not required to be deposited in the General Fund of the State. Cf. Game and Fish Commission v. Talbott, 64 S.W.2d 889 (Ky. Ct. App. 1933); Riley v. Forbes, 227 Pac. 768 (Cal. Sup. 1924); Starr v. People, 157 P.2d 135 (Colo. Sup. 1945).

Hon. C. E. Belk, page 3 (V-1150)


The case of Lower Colorado River Authority
v. Chemical Bank & Trust Co., 185 S.W.2d 461 (Tex.
Civ. App. 1945), affirmed 144 Tex. 326, 190 S.W.2d
48, considered the question of whether or not a bank
could legally secure the funds belonging to the Lower
Colorado River Authority by pledging part of its as-
sets as collateral. Having determined that the Auth-
ority was an agency of the State and that its funds
were public funds, the Court relied upon the provi-
sions of Article 342-603, V.C.S., as authority for
a state bank to pledge part of its assets as secur-
ity for deposits of public funds. The pertinent
part of this article is:

"No state bank shall pledge, or
create any lien upon, any asset or in
any way secure the repayment of any de-
posit except when specifically author-
ized to do so by law, except that it
may pledge its assets to secure a de-
posit of or by the United States Gov-
ernment, the State of Texas, or any
agency or instrumentality of either.
. . ."

In upholding the authority of a national
bank in this respect, the Court said:

"The National Banking Act, 12
U.S.C.A. § 90, authorizes national
banks to secure deposits 'of a State
or any political subdivision thereof,'
where the law of the State in which
such bank is located authorizes the
pledge of securities by other banking
institutions. The Texas law author-
izes such pledge of assets to secure
deposits of or by the United States
Government, the State of Texas, or any
agency or instrumentality of either.
Acts 1943, 48th Leg., p. 152, ch. 97,
Sub. VI, Art. 3, Vernon's Ann. Civ.
St., art. 342-603." (185 S.W.2d at
468)

The Court then concluded:

"Being public funds the pledge of such securities by the cotrustee to secure the deposit thereof was clearly authorized by both State and Federal laws."  (185 S.W.2d at 468)

For other cases on the authority of a national bank to pledge its assets as security for public funds where the state law permits state banks to do so, see City of Marion v. Sneeden, 291 U.S. 262 (1934); Loughman v. Town of Pelham, 126 F.2d 714 (C.C.A. 2nd 1942); Fidelity & Deposit Co. of Maryland v. Kokrda, 66 F.2d 641 (C.C.A. 10th 1933).

It is our opinion, therefore, that the Board may, in its discretion, enter into an agreement with a state or national bank for the bank to secure deposits of the Board's funds.

## SUMMARY

The Texas State Board of Plumbing Examiners is not required by law to secure collateral for its funds from a depository bank. However, the Board may, in its discretion, enter into an agreement with a state or national bank for the bank to secure deposits of the Board's funds.

APPROVED:

Ned McDaniel
State Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

Yours very truly,

PRICE DANIEL
Attorney General

By Clinton Foshee
Clinton Foshee
Assistant

CF:rt:b:jmc